(February 24, 2004)

■ RAY SMITH, JR., et al., Appellants, v JOHN S. GIROLAMO, Respondent, et al., Defendants. [774 NYS2d 117]—

Order, Supreme Court, New York County (Paula Omansky, J.), entered July 11, 2003, which, to the extent appealed from, denied as moot plaintiffs' cross motion to dismiss defendant's motion for summary judgment rescinding the parties' contract, unanimously reversed, on the law, with costs, the cross motion granted and the complaint dismissed without prejudice to defendant's bringing a foreclosure action limited to recouping the outstanding mortgage principal plus interest pursuant to the terms of the mortgage. The Clerk is directed to enter judgment accordingly.

The basis of plaintiffs' cross motion to dismiss defendant's motion for summary judgment rescinding the parties' contract was defendant's failure to place the sum of $460,000 in an attorney's escrow account within 60 days of service of the order or to furnish an equivalent undertaking pursuant to CPLR article 25, i.e., his failure to fulfill the condition upon which the motion court restored the cause of action for rescission and repairs to the calendar. This Court modified the motion court's order to the extent of restoring the entire action while affirming the court's exercise of discretion in conditioning restoration of the cause of action for rescission upon defendant's placing $460,000 in escrow (303 AD2d 236 [2003]). Plaintiffs subsequently moved to dismiss defendant's motion for summary judgment rescinding the parties' contract for failure to meet that condition. The court denied the motion on the ground that our affirmance rendered it moot and plaintiffs appealed.

Although it was determined earlier in this action that the contract should be rescinded, that defendant should return to plaintiffs their purchase price and repair costs, and that plaintiffs should return to defendant their profits and the value of any use and occupancy of the building, the situation has been altered by defendant's claims of bankruptcy, the dismissal of the action for failure to prosecute and the court's conditioning of the restoration of the rescission claim on defendant's placing $460,000 in escrow. Far from mooting plaintiffs' cross motion, our affirmance of the court's conditioning restoration on the posting of a bond supports granting it. The evidence submitted on plaintiffs' cross motion demonstrates that defendant was unable to post the bond required by the court. As we explained, "If defendant is unable to pay that amount, he would not be entitled to rescission, and revival of the action would be a waste of judicial resources" (*id.* at 237). Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.